UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ROSA MAYA-VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-389 |
| ) | |
| COMMISSIONER OF ) | Honorable Gordon J. Quist |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  On October 2, 2013, plaintiff filed her applications for DIB and SSI benefits.  Plaintiff alleged a December 7, 2009, onset of disability. (ECF No. 7-5, PageID.209-17, 222-23).  Plaintiff's claims were denied on initial review.  (ECF No. 7-4, PageID.137-45).  On October 23, 2015, she received a hearing before an ALJ.  (ECF No. 7-2, PageID.57-92).  On November 4, 2015, the ALJ issued her decision finding that plaintiff was not disabled.  (Op., ECF No. 7-2, PageID.40-51).  On February 23, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.22-24), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision.  Plaintiff argues that the Commissioner's decision should be overturned on

the following grounds:

> I. The ALJ's finding regarding plaintiff's RFC was medically unsupported.
>
> II. The ALJ violated the treating physician rule.
>
> III. The ALJ mishandled plaintiff's credibility.

(Plf. Brief at 1, ECF No. 11, PageID.705). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so

because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2014. (Op. at 3, ECF No. 7-2, PageID.42). Plaintiff had not engaged in substantial gainful activity on or after December 7, 2009, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine; rotator cuff tear and status post arthroscopic repair; asthma; environmental allergies; and obesity." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (*Id.* at 6, PageID.45). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of medium

work with the following exceptions:

> No overhead reaching with her left upper extremity, and only occasional exposure to extreme cold and to respiratory irritants such as dust, fumes, gasses, odors, and poor ventilation; air quality of the workplace must be consistent with a standard office environment.

(Op. at 7, ECF No. 7-2, PageID.46).

The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (*Id.* at 7-11, PageID.46-50). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a child monitor, as plaintiff had performed it and as it is generally performed in the national economy. (*Id.* at 11-12, PageID.50-51).

## Discussion

### 1.

Plaintiff argues that the ALJ's factual finding regarding her RFC lacks medical support. (Plf. Brief at 6-7, ECF No. 11, PageID.710-11).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012). If the record contains "conflicting evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.*

(citation and quotation omitted).

Plaintiff's argument that the "ALJ's RFC lacks medical support" does not provide a basis for disturbing the Commissioner's decision. *Shepard v. Commissioner*, 705 F. App'x 435, 442-43 (6th Cir. 2017). "The ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Commissioner*, 531 F. App'x 719, 728 (6th Cir. 2013). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, SSR 96-5p (reprinted at 1996 WL 374183, at *1-2 (SSA July 2, 1996)).

"[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability.'" *Shepard v. Commissioner*, 705 F. App'x at 442-43 (quoting *Rudd*, 531 F. App'x. at 728); *accord Mokbel-Aljahmi v. Commissioner*, No. 17-2400, __ F. App'x __, 2018 WL 2017564, at *5 (6th Cir. Apr. 30, 2018) (The Sixth Circuit has "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.").

The ALJ did not improperly substitute her own "medical judgment" for that of any medical expert or interpret raw medical data beyond her ability by making a RFC determination. *See Rudd*, 531 F. App'x at 726-27.

I find that there is substantial evidence in the record supporting the ALJ's

finding regarding plaintiff's RFC.

**2.**

Plaintiff argues that the ALJ violated the treating physician rule in the weight given to the opinion of a treating surgeon, Julian Kuz, M.D., regarding a post-surgical restriction imposed on plaintiff's use of her left arm. Plaintiff argues that the restrictions imposed by Dr. Kuz were permanent and that the ALJ's finding to the contrary is not supported by substantial evidence. (Plf. Brief at 7-13, ECF No. 11, PageID.711-17; Reply Brief at 1-2, ECF No. 13, PageID.743-44). Upon review, I find no error.

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.' " *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c); *see Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based solely on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Perry v. Commissioner*, No. 17-4182, __ F. App'x __, 2018 WL 2470915, at *3 (6th Cir. June 4, 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d

873, 875-76 (6th Cir. 2007*); see Gayheart v. Commissioner*, 710 F.3d at 376; *Cole v. Astrue*, 661 F.3d at 937-38; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart v. Commissioner*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.' " (quoting *Wilson v. Commissioner*, 378 F.3d at 544)).

On August 24, 2009, Dr. Kuz examined plaintiff on a referral from Edward Snell, M.D., regarding plaintiff's complaints of left shoulder pain. (ECF No. 7-7, PageID.383-84). On October 14, 2009, Dr. Kuz found that the MRI of plaintiff's left shoulder showed a partial tearing of the supraspinus tendon. (*Id.* at PageID.386-87).

On December 8, 2009, Dr. Kuz, performed a left shoulder rotator cuff repair and arthroscopic decompression. (*Id.* at PageID.402-03). Plaintiff received a course of physical therapy. Her range of motion and strength improved, but she continued to report pain. (*Id.*at PageID.316-68, 389-90). On June 28, 2010, Dr. Kuz found that plaintiff's rotator cuff had healed without any full thickness tear. He ordered an MRI

in an attempt to determine if a cervical spine problem could be responsible for the pain that plaintiff reported.  (*Id.* at PageID.396).

On July 21, 2010, plaintiff returned to Dr. Kuz.  He found that plaintiff's MRI suggested cervical spondylosis at C5-6, but no obvious foraminal impingement.  The surgical repair remained intact and he did not "recommend surgery at this time." (*Id.* at PageID.397).  Plaintiff stated that she wanted a second opinion.  Dr. Kuz indicated that a nurse would assist plaintiff in obtaining a second opinion and that his office would forward the requested records to that physician.[1]  "In the meantime, [he] maintained [plaintiff's] work restrictions of 5 pounds and no overhead reaching." (*Id.*).

On August 18, 2010, plaintiff received an orthopedic examination by David Frye, M.D.  Plaintiff related that she was independent in her daily activities and took no pain medications.  She had tenderness with palpation in the left shoulder.  She had no muscle spasms, warmth, swelling or loss of muscle tone.  Her shoulder motion was symmetrical.  Dr. Frye indicated that plaintiff could return to "unrestricted employment." (ECF No. 7-8, PageID.407-14).

Plaintiff's April 15, 2011, MRI of her left shoulder showed only mild degenerative changes with mild rotator cuff tendinopathy.  There was no evidence of a significant partial or full thickness cuff tear.  (*Id.* at PageID.492-93).

The ALJ noted that Dr. Kuz had imposed the above-mentioned restrictions

---

[1] Plaintiff states that she never obtained a second opinion.  (Plf. Brief at 8, ECF No. 11, PageID.712).

shortly after rotator cuff surgery and that "the restrictions cited [by Dr. Kuz] were time limited" and did not "reasonab[ly] relate to an ongoing or permanent deficit." (Op. at 5, ECF No. 7-2, PageID.44). The ALJ determined that "Dr. Kuz's July 2010 statement was due very limited weight as the subsequent information in the file offer[ed] much detail into how [plaintiff] actually recuperated from the surgery and regained the ability to use the shoulder and arm." (*Id.*).

The ALJ found that the restrictions Dr. Kuz imposed on July 21, 2010, were temporary rather than permanent. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). The ALJ's factual finding is supported by substantial evidence. It is clear from context, that the restrictions that Dr. Kuz imposed were temporary. *See, e.g., Thomas v. Commissioner*, No. 1:16-cv-262, 2017 WL 127509, at \*6 (W.D. Mich. Jan. 13, 2017) ("Plaintiff's attempt to transform this temporary restriction into a permanent restriction based upon the mere fact that the record is silent regarding further treatment with this physician is unavailing."). At a minimum, the record does not establish that Dr. Kuz intended a permanent restriction, a burden plaintiff bears.[2]

I find no violation of the treating physician rule. The ALJ gave sufficiently good reasons for the weight she gave to Dr. Kuz's opinion.

---

[2] Plaintiff bears the ultimate burden of producing sufficient evidence to show that she is disabled. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability.").

**3.**

Plaintiff argues the ALJ "mishandled" the evaluation of her credibility by mischaracterizing the evidence. Plaintiff also takes issue with the ALJ's observations regarding physical therapy appointments she missed. (Plf. Brief at 13-15, ECF No. 11, PageID.717-19; Reply Brief at 3-5, ECF No. 13, PageID.745-47). Plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir.2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor

while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ gave a lengthy and detailed explanation of her factual findings regarding plaintiff's credibility and her findings are supported by substantial evidence. (*See* Op. at 7-11, ECF No. 7-2, PageID.46-50).

Plaintiff asserts that the ALJ mischaracterized the record and discussed only the evidence that favored her conclusion. (Plf. Brief at 13-16, ECF No. 11, PageID.717-19; Reply Brief at 4-5, ECF No. 13, PageID.746-47). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, as "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence, deciding questions of credibility, or

substituting the court's judgment for that of the ALJ.  *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012).

    A.    <u>June 10, 2011</u>

Plaintiff's argument regarding the ALJ's discussion of a June 10, 2011, examination is meritless, and it is based on an inaccurate representation of the record.  Plaintiff states that the ALJ "asserted that Plaintiff did not see an orthopod in June 2011 because 'her reported symptoms and the objective findings did not warrant such extensive treatment.'" (Plf. Brief at 13, ECF No. 11, PageID.717) (citing ECF No. 7-2, PageID.48).  The quote attributed to the ALJ appears in the ALJ's opinion, but it is made in the discussion of a September 11, 2015, examination.  (Op. at 9, ECF No. 7-2, PageID.48).  The ALJ's discussion of the June 10, 2011, examination appears elsewhere.  (*Id.* at 8, PageID.47).

On June 10, 2011, during an examination by Ana Frunza, M.D., plaintiff reported left shoulder pain.  (ECF No. 7-8, PageID.481-82).  Plaintiff received a referral to orthopedic surgery for evaluation and treatment of the reported shoulder pain.  (*Id.* at PageID.485).  It was entirely appropriate for the ALJ to note that plaintiff "had no treatment during the interval of June 10, 2011 until June 29, 2012," and that when plaintiff sought treatment on June 29, 2012, it was "for an infection," not left shoulder pain.  (Op. at 8, ECF No. 7-2, PageID.47; *see* ECF No. 7-8, PageID.467-470).  It was likewise appropriate for the ALJ to note that during subsequent medical examinations in September and November 2012, plaintiff had no complaints of left shoulder pain.  (Op. at 8, ECF No. 7-2, PageID.47; *see* ECF No. 7-8,

PageID.460-66).

Plaintiff testified at her administrative hearing that she suffered from debilitating neck pain. (ECF No. 7-2, PageID.70). Her most recent medical records were from a September 11, 2015, examination. (*Id.* at PageID.66-67). On September 11, 2015, plaintiff was examined by Neil Colegrove, M.D., regarding her complaints of neck pain. Dr. Colegrove offered a diagnosis of neck pain and the treatment that he prescribed was applying heat and stretching and taking Tylenol and a muscle relaxant. (ECF No. 7-12, PageID.673-75). The ALJ's opinion provides an accurate description of the results of Dr. Colegrove's examination and the treatment he prescribed. Dr. Colegrove did not find that plaintiff's condition warranted a referral to an orthopedist or surgeon. (Op. at 9, ECF No. 7-2, PageID.48).

B.   April 18, 2014

Plaintiff argues that the ALJ "made much of the 0/10 pain level entry on April 18, 2014, (ECF No. 7-9, PageID.518-21) mentioning it twice." (Plf. Brief at 13, ECF No. 11, PageID.717). This argument does not provide a basis for disturbing the Commissioner's decision. "There is no numerical limit to the number of times an ALJ can cite an exhibit." *Boza v. Commissioner*, No. 1:16-cv-1362, 2018 WL 671397, at *3 (W.D. Mich. Jan. 17, 2018).

On April 18, 2014, plaintiff told her primary care physician, Mary Kline, M.D., that a week earlier she went to the Blodgett Hospital emergency room for neck pain,

nausea, and dizziness.³ (ECF No. 7-9, PageID.518). On April 18, 2014, plaintiff "described [her pain] as 0/10." (*Id.* at PageID.520). She "appear[ed] healthy" and was advised to "[k]eep up the good work[.]" (*Id.* at PageID.521).

The ALJ noted that although some communication problems may exist given plaintiff's limited ability to speak English, they were not enough to provide support for her testimony claiming that she suffered from intractable pain. By way of example, the ALJ observed that plaintiff had an interpreter with her during the April 18, 2014, examination conducted by Dr. Kline. (Op. at 9, ECF No. 7-2, PageID.48). Plaintiff reported that her "pain level was 0/10. She had a normal examination in terms of neck, extremities, neurologically and psychiatrically." (*Id.*) (citing Exhibit 8F at 9-13, found at ECF No. 7-9, PageID.518-522).

Further, the ALJ noted that the testimony plaintiff's attorney was able to elicit from his client through leading questions was undercut by other evidence such as plaintiff's report that her pain "was 0/10, with 10 being the highest pain." (Op. at 9, ECF No. 7-2, PageID.48).

None of reasons plaintiff supplies for giving less weight to the April 18, 2014, pain score (Plf. Brief at 14, ECF No. 11, PageID.718) undermine the ALJ's factual finding regarding her credibility. For example, plaintiff neglected to mention in her argument that the zero score was "sandwiched between pain levels of 8, 8, 8, and 6" (*Id.*) that the highest scores were based on her complaints regarding a sore throat,

---

³ Plaintiff did not file the records from this emergency room visit in support of her claims for DIB and SSI benefits.

right eyelid discomfort, and sinus pressure.⁴ (ECF No. 7-9, PageID.509-17, 523). Plaintiff did report 6/10 neck, back and buttock pain, but it was after she slipped and fell on July 10, 2014, while exercising. (ECF No. 7-12, PageID.691-95). On November 3, 2014, plaintiff gave the same score for her neck pain, but denied any recent injury. She stated that "since her left shoulder surgery in 2009, she would get pain and upper back pain when the weather gets cold." (*Id.* at PageID.688-90). Plaintiff reported that Tylenol provided significant pain relief. (*Id.*). On December 22, 2014, plaintiff rated her pain at 0/10. She was seeking medical treatment for a productive cough. (*Id.* at PageID.684-87).

    C.    <u>Discharge from Physical Therapy and Missed Appointments</u>

Plaintiff's argument that the ALJ's discussion of her discharge from physical therapy "typifies the jaundiced way [the ALJ] viewed this case" (Plf. Brief at 14, ECF No. 11, PageID.718) is waived if intended as a claim that the ALJ was biased, and it is meritless as a criticism of the ALJ's credibility finding.

Plaintiff's statement of errors (Plf. Brief at 1, ECF No. 11, PageID.705) does not include a claim that the Commissioner's decision should be overturned because the ALJ was biased. Issues not included in a plaintiff's statement of errors are waived.⁵ *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *see also Toll v.*

---

⁴ "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see Boseley v. Commissioner*, 397 F. App'x 195, 199 (6th Cir. 2010).

⁵ Even assuming that the claim of bias had not been waived, it is meritless. The ALJ is presumed to have exercised her powers with honesty and integrity, and the plaintiff has the burden of overcoming the presumption of impartiality "with convincing

*Commissioner*, No. 1:16-cv-2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017) (The Court's notice regarding the briefing requirements in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue.").

Plaintiff answered "yes" to her attorney's questions whether her neck and shoulder caused her the most pain and whether she had pain every day. (ECF No. 7-2, PageID.70). The evidence that the ALJ considered in making her credibility finding included plaintiff's physical therapy records. The ALJ noted that treatment was "generally successful" in controlling plaintiff's symptoms, then she cited specific examples:

> On April 30, 2015 her therapist reported that she was tolerating treatment and the therapy without complaints of pain or difficulty (ex. 9F, p.2). As of May 22, 2015 she was meeting more therapy goals such as increasing left cervical rotation (ex. 10F, p.14). The claimant missed quite a few appointments with the reason stated often related to her watching her grandchild[ren] and had taken care of them or even take[ing] those grandchildren somewhere (ex. 11F, pp. 1, 16, 23). Despite her frequent absences she was making excellent progress in many of the goals according to her therapist. As of July 2015, she was able to turn her head while driving a car without being limited due to back pain. She had made so much improvement that she was being discharged from therapy. The July 16, 2015 physical therapy note refers to her as having great improvement in the active range of motion and that she was having only rare discomfort (ex. 12F, p.2).[6]

---

evidence that a risk of actual bias or prejudgment is present." *Collier v. Commissioner*, 108 F. App'x 358, 364 (6th Cir. 2004). "An adverse ruling alone is not enough to support a finding of bias." *Perschka v. Commissioner*, 411 F. App'x 781, 788 (6th Cir. 2010). There is no evidence that the ALJ was biased against plaintiff, much less the convincing evidence of actual bias necessary to overcome the presumption of impartiality.

[6] The exhibits cited by the ALJ are found at ECF No. 7-9, PageID.528; ECF No. 7-10, PageID.584; ECF No. 7-11, PageID.611, 626, 633, 648.

(Op. at 10, ECF No. 7-2, PageID.49). Plaintiff's criticism of the ALJ's discussion of the July 16, 2015, discharge summary is unwarranted. The therapist's "Assessment of Improvement" was that plaintiff "rarely ha[d] discomfort and [was] able to abolish pain with the [home exercise program] given." (ECF No. 7-11, PageID.648).

Plaintiff argues that the ALJ should not have described her absences from physical therapy as "frequent" because she "missed five appointments out of 45, or 11%." (Plf. Brief at 15, ECF No. 11, PageID.719) (citing SSR 83-10). Social Security Ruling 83-10 provides a definition for "occasional" as used in the definition of sedentary work and "frequent" as used in the definitions of light, medium, heavy, and very heavy work. *See Titles II and XVI: Determing Capability to do Other Work – The Medical-Vocational Rules of Appendix 2*, SSR 83-10 (SSA Jan. 1, 1983) (reprinted at 1983 WL 31251); *see also* 20 C.F.R. §§ 404.1567, 416.967. The ALJ did not commit error because she was not required to apply SSR 83-10's definition of "frequent" in other contexts. *See Tramble v. Colvin*, No. 5:13-cv-58, 2013 WL 6800686, at *3 (W.D. Ky. Dec. 20, 2013). The ALJ was assessing plaintiff's credibility, not considering exertional demands of types of work. Even assuming that the ALJ committed an error in using the wrong term to describe plaintiff's absences, her underlying observations as they relate to plaintiff's credibility are supported by substantial evidence. Plaintiff's condition improved despite her absences and she "rarely ha[d] discomfort[.]" (ECF No. 7-11, PageID.648).

The ALJ gave a sufficient explanation of her factual finding regarding plaintiff's credibility and that finding is supported by more than substantial evidence.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: July 18, 2018         /s/  Phillip J. Green           
                             PHILLIP J. GREEN
                             United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).